FILED

JUL 15 2005



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 05-30011 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION |
| ALAN KENNETH TALKS, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      Defendant ("Talks") filed a motion for suppression of statements and evidence (Doc. 16). U.S. Magistrate Judge Moreno conducted an evidentiary hearing on April 13, 2005, and filed and served a report and recommendation for disposition of the motion (Doc. 24). The Court conducted a *de novo* review of the transcript of the hearing (Doc. 25) and all the files and records herein. Plaintiff filed objections (Doc. 26) to the bulk of the recommendations of the magistrate and the objections were considered.

      In an Opinion and Order (Doc. 28) dated May 16, 2005, I adopted the report and recommendation of the magistrate that statements made by the defendant to a county sheriff ("Mentel") be suppressed. I also ordered that the motion be recommitted to the magistrate pursuant to Fed.R.Civ.P. 72(b) with instructions to conduct a limited further hearing, make findings, and make further recommendations as to what standard practices and customs are on the Cheyenne River Sioux Indian Reservation as to county sheriffs and deputies providing assistance as requested by tribal police officers similar to what was done in this case. The magistrate was also directed to address other issues as to the removal of the alleged dangerous weapon from the Talks vehicle by the sheriff and the standing of Talks to object to such a seizure.

      The magistrate has proceeded as directed and conducted an evidentiary hearing on July 5, 2005. I have conducted a *de novo* review of the transcript of the hearing (Doc.40) and the three

exhibits received. The magistrate has issued a supplemental report and recommendation (Doc. 38). Talks has timely filed further objections (Doc. 41) which I have also considered.

All possible confusion as to the description of the alleged dangerous weapon has been addressed and removed. Based upon the additional evidence and the findings made by the magistrate, several things are clear. First, the county sheriff detained Talks and turned him over to a tribal officer pursuant to a long standing practice and oral agreement between the Tribe and the county sheriff. This amounts to an informal but well recognized and followed limited cross-deputization program between the Tribe and the county. Second, the sheriff did exactly what the tribal officer asked the sheriff to do, find, detain and transport Talks to the tribal officer. The sheriff did not unilaterally act, however, but did so only after first talking with the tribal officer to report a possible tribal crime. Third, the sheriff seized the alleged dangerous weapon for turn-over to the tribal officer, also pursuant to a long-standing practice and agreement between the Tribe and the county sheriff. This is despite the fact that the tribal officer had not specifically asked the sheriff to seize the alleged dangerous weapon; he had described to the sheriff the alleged weapon; the alleged weapon was in plain view on the back seat of the Talks vehicle; Talks' window was broken out and he showed the sheriff the broken window; the sheriff was also concerned about safety issues and preservation of evidence. The seizure and turn-over of the alleged weapon did not violate the constitutional rights or any other rights of Talks and the evidence should not be suppressed. Fourth, the detention of Talks was not in violation of any rights of Talks. Fifth, the statements made by Talks to tribal police officials should not be suppressed. Sixth, both the tribal officer and the sheriff had reasonable suspicion and probable cause to believe that Talks had assaulted another Indian in Indian country by using the described alleged dangerous weapon. Seventh, Talks had and has standing to object to the removal of the alleged dangerous weapon from his vehicle. Finally, whatever took place at an earlier time between the Bureau of Indian Affairs and the county has no relevance or legal significance at this time. It is clear as well that both the tribal chief of police and the county sheriff would know and did know of the present agreement and practices. As I decided earlier, the arrest of Talks was not a federal arrest. It was simply a tribal arrest.

This case is, to a limited extent, the "flip-side" of the procedures approved in United States v. Terry, 400 F.3d 575 (8th Cir. 2005), a case in which tribal officers assisted a county sheriff in detaining a non-Indian until the sheriff could take the prisoner into his custody. The cases are not on all fours by any means but I believe Terry indicates the state of the law in the Eighth Circuit. There is nothing to prohibit tribal police officers, at least on the Cheyenne River Sioux Indian Reservation, from requesting the assistance of state, local and county law enforcement officers or, for that matter, of private citizens. It would be a different matter if the tribe prohibited such calls for assistance to tribal officers. That has not occurred. There is also nothing to indicate that a challenge to the tribal action or the assistance from the sheriff was mounted in tribal court by Talks or anyone else.

The objections should be overruled. The motion to suppress should be largely denied. The reports and recommendations should be accepted. Now, therefore,

IT IS ORDERED, as follows:

1) The objections (Docs. 26 and 41) should be and are hereby overruled.

2) The report and recommendation (Doc. 38) as well as the original report and recommendation (Doc. 24) are adopted.

3) The motion to suppress (Doc. 16), except as partially granted earlier by this court, is denied.

Dated at Aberdeen, South Dakota, this 15th day of July, 2005.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Paepke
         DEPUTY
(SEAL)